UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MOLLIE HAWKINS** | **:** | **CIVIL ACTION NO. 5:22-cv-04195** |
| **VERSUS** | **:** | **JUDGE S. MAURICE HICKS, JR.** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE CO.** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendant Allstate Vehicle & Property Insurance Company. Doc. 16. The time for response has passed with none being filed, making this motion unopposed and ripe for resolution.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's home in Shreveport, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Attorneys formerly associated with the law firm McClenny Moseley and Associates, PLLC ("MMA"), acting on plaintiff's behalf, filed suit in this court on August 25, 2022, raising claims of breach of insurance contract and bad faith against Allstate Vehicle & Property Insurance Company under Louisiana law. Doc. 1. The complaint claims that the property at issue was

insured by defendant at the time of the hurricanes and that the insurance policy in place during the hurricanes was policy number 045-348-696. *Id.* at ¶ 1.

Plaintiff became a *pro se* litigant by operation of an order of this court styled Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters (the "Termination Order"). Doc. 15. The Termination Order also lifted the stay in this matter. *Id.* Defendant then filed the instant motion claiming it did not issue a policy of insurance to plaintiff. Doc. 16, att. 1, p. 1. Defendant further asserts that it found policy number 045-348-696, which was issued to plaintiff by a different entity, Allstate Insurance Company. *Id.* The policy was filed as an attachment to the motion. Doc. 16, att. 2. Plaintiff has not responded to the motion, despite the court's explanation to plaintiff of her rights and responsibilities as a *pro se* litigant and warnings of what could happen if she ignored those responsibilities. Docs. 15.[1]

## II.
### LAW AND ANALYSIS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a complaint fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). To survive the motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In assessing a Rule 12(b)(6) motion, documents attached to a motion to dismiss are considered part of the pleadings, and thus may be considered, if they are referred to in the

---

[1] "Failure to follow rules and cooperate could result in penalties being imposed, which ultimately could result in a recommendation that the case be dismissed." Doc. 15, p. 4.

plaintiff's complaint and are central to her claims. *Weyerhaeuser Co. v. Burlington Ins. Co.*, 74 F.4th 275, 282 (5th Cir. 2023) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

Plaintiff's claims against defendant all rely on the assertion that defendant supplied the insurance policy at issue to plaintiff and that the policy was in effect at the time of Hurricanes Laura and Delta. Additionally, the policy attached to the motion to dismiss bears the same policy number as the policy mentioned in the complaint and names plaintiff as the policyholder. Thus, we find that the policy attached to defendant's motion [doc. 16, att. 2] is the insurance policy referenced in the complaint and that said policy is central to all of plaintiff's claims. Accordingly, we may consider the policy in our assessment of the instant motion.

The complaint alleges that plaintiff's property was insured "by a policy of insurance issued and maintained by Defendant bearing policy number 045-348-696." Doc. 1, p. 1, ¶ 1. But the policy itself names Allstate Insurance Company, not defendant, as the insurer. Doc. 16, att. 2, p. 11. Because the policy's contents contradict the complaint's factual allegations, the policy—not the allegations—controls. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (asserting that the exhibit controls when its contents contradict the complaint's allegations).

Considering that plaintiff named the wrong insurer as defendant, plaintiff has failed to state a claim to relief that is plausible on its face.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 16] be **GRANTED** as unopposed, and all claims against defendant Allstate Vehicle & Property Insurance Company should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).\

THUS DONE AND SIGNED in Chambers this 6th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE